ORDERED.

**Dated:  March 10, 2023**

Catherine M. Ewen

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

*In re:*

                                                            CASE NO. 8:23-bk-00018-CPM
                                                            CHAPTER 13

SUNG HEE HAN HONG,

        Debtor.

_____/

## ORDER GRANTING MOTION FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY

**THIS CASE** came before the Court for consideration on February 28, 2023 at 1:30 PM on the

Motion For Relief From The Automatic Stay And Prospective Relief From The Automatic Stay (DE 18)

filed by U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW

SERIES IV TRUST ("Movant") on January 31, 2023. The court having considered the arguments of

counsel, and based on the record, it is

        **IT IS ORDERED THAT:**

1. The Motion for Prospective Relief from Automatic Stay is GRANTED.

2. The automatic stay in effect by virtue of the operation of 11 U.S.C. §362 is no longer in effect,

    and Movant may complete the action in state court for the foreclosure of its mortgage through

    entry of the Certificate of Title, including post sale and eviction actions, and short sale or deed in

    lieu, and any other actions required due the default, as to Movant's interest in the property located

    10119 Cedar Dune Drive, Tampa, FL 33624, and legally described as:

        LOT 30, BLOCK 1, WILDEWOOD VILLAGE SUBDIVISION - UNIT 1,

ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 62, PAGE 27, PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA (the "Property").

3.  The Court finds cause for entry of the relief requested due to the history of multiple bankruptcy filings affecting the Property, to hinder, delay or defraud Movant's foreclosure remedies.

4.  The relief granted permits Movant to pursue in rem actions against the property,and not an in personam judgment against the Debtor.

5.  This Order will be binding and effective despite any conversion of this Bankruptcycase to a case under any other Chapter of Title 11 of the United States Code.

6.  Prospective *in rem* relief is binding and effective pursuant to 11 U.S.C. §362(d)(4)(B) as to Movant and the Property for a period of two (2) years from the date this orderis entered with respect to any Bankruptcy case under any chapter, filed by any individual or entityand concerning the Property.

7.  Should the Debtor or any other individual claiming an interest in the Property for Bankruptcy, within two years of the entry of this order, the Clerk of Court for Hillsborough County can disregard the Bankruptcy filing, as the automatic stay of Bankruptcy will not be in effect.

8.  Movant shall file a copy of this order in the State Court foreclosure action of the Property once entered under cover clearly identifying the stay relief order.

9.  The 14-day stay of this Order pursuant to FRBP 4001 is waived and this Order shall be in full effect upon entry of the Order.

### 

Submitted by:

Attorney Matthew Klein, Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

Copies furnished via CM/ECF to:

Alan D Borden, Esq., Debt Relief Legal Group, LLC, 901 W. Hillsborough Avenue, Tampa, FL 33603
Jon Waage, P O Box 25001, Bradenton, FL 34206-5001
Office of the United States Trustee, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602
And a true and correct copy was mailed to:
Sung Hee Han Hong, 3533 Hickory Hammock Loop, Wesley Chapel, FL 33544